**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

JAN 2 7 2005



CLERK

EVELYN A. BLACKMOON, ROBERT W.
COURNOYER, SHARON DRAPEAU, and
ALAN FLYING HAWK,

    Plaintiffs,

       v.

CHARLES MIX COUNTY; CARROL
ALLEN, KEITH MUSHITZ, and HERMAN
PETERS in their official
capacities as members of the
Charles Mix County Commission;
and NORMAN CIHAK, in his
official capacity as Auditor of
Charles Mix County,

    Defendants.

Civil Action No. 05-4017

## COMPLAINT

### NATURE OF THE CASE

1.    This is a challenge to the county commissioner districts in Charles Mix County, South Dakota.

2.    The plaintiffs, all of whom are Native Americans, qualified voters and residents of Charles Mix County, allege that the existing districts are malapportioned in violation of the one-person-one-vote standard of the Fourteenth Amendment to the United States Constitution.

3.    The plaintiffs also allege that the districts have the effect of diluting Native American voting strength in violation of Section 2 of the Voting Rights Act of 1965.

4.   The plaintiffs further allege that the districts were adopted or are being maintained for the purpose of discriminating against Native American voters in violation of the Fourteenth and Fifteenth Amendments to the United States Constitution and Section 2 of the Voting Rights Act.

5.   The plaintiffs seek declaratory and injunctive relief prohibiting any further use of the existing districts, and they ask the Court to order that a special election be held under districts which comply with state and federal law.

JURISDICTION AND VENUE

6.   This Court has original jurisdiction over this case pursuant to Article III of the United States Constitution and 28 U.S.C. §§ 1331 and 1343(a)(3) & (4), and 2201.

7.   This suit is authorized by 42 U.S.C. §§ 1973j(f) & 1983.

8.   Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

9.   Venue is proper in the District of South Dakota pursuant to 28 U.S.C. § 1391(b).

PARTIES

10.   Plaintiff Evelyn A. Blackmoon is a Native American, a qualified elector and a resident of Charles Mix County, South Dakota. She lives in commissioner district 2.

11.   Plaintiff Robert W. Cournoyer is a Native American, a qualified elector and a resident of Charles Mix County, South Dakota. He lives in commissioner district 1.

12.   Plaintiff Sharon Drapeau is a Native American, a qualified elector and a resident of Charles Mix County, South Dakota.   She lives in commissioner district 2.

13.   Plaintiff Alan Flying Hawk is a Native American, a qualified elector and a resident of Charles Mix County, South Dakota.   He lives in commissioner district 1.

14.   Defendant Charles Mix County is a political subdivision of the state of South Dakota and is capable of suing and being sued in its own name.

15.   Defendants Carrol Allen, Keith Mushitz, and Herman Peters are members of the Charles Mix County Commission and are jointly responsible for redrawing the boundaries of commissioner districts in Charles Mix County following the decennial census.   They are sued in their official capacities only.

16.   Defendant Norman Cihak is the County Auditor of Charles Mix County and is primarily responsible for the conduct of county elections.   He is sued in his official capacity only.

17.   The defendants, both personally and through the conduct of their agents, servants and employees, were and are acting under color of state law at all times relevant to this action.

3

## FACTUAL BACKGROUND

18.   Charles Mix County is located in south-central South Dakota and encompasses all of the Yankton Sioux Indian Reservation.

19.   According to the 2000 Census, the total population of Charles Mix County is 9350 persons, of whom 2754 persons, or 29.45%, identify themselves as Native American.

20.   The county's voting-age population according to the 2000 Census is 6360 persons, of whom 1470 persons, or 23.11%, identify themselves as Native American.

21.   According to population estimates produced by the Census Bureau since the 2000 Census, moreover, Charles Mix County is experiencing a gradual trend of decreasing non-Indian population and increasing Indian population.

22.   The most recent estimates, released on September 30, 2004, indicate that the total population of Charles Mix County as of July 1, 2003, was 9178 persons, of whom 2783 persons, or 30.32%, identify as Native American.

23.   Charles Mix County is governed by a three-member County Commission elected from within three single-member districts.

24.   Each commissioner is elected by the voters of his or her district.

25.   The existing districts were adopted by the Charles Mix County Commission prior to 1999.

4

26. The total population of District 1 is 3443 persons, of whom 1189 persons, or 34.53%, identify as Native American according to the 2000 Census.

27. The voting-age population of District 1 according to the 2000 Census is 2311 persons, of whom 648, or 28.04%, identify as Native American.

28. The total population of District 2 is 3057 persons, of whom 1543 persons, or 50.47%, identify as Native American according to the 2000 Census.

29. The voting-age population of District 2 according to the 2000 Census is 1957 persons, of whom 814 persons, or 41.59%, identify as Native American.

30. The total population of District 3 is 2850 persons, of whom 22 persons, or 0.77%, identify as Native American according to the 2000 Census.

31. The voting-age population of District 3 according to the 2000 Census is 2092 persons, of whom 4 persons, or 0.14%, identify as Native American.

32. The one-person-one-vote standard of the Fourteenth Amendment to the United States Constitution requires state and local government officials to make an honest and good faith effort to create voting districts for elective offices "as nearly of equal population as is practicable" so that each person's vote will be given equal weight in the election of officials.

33.  Compliance with the one-person-one-vote principle is measured in terms of the total deviation from equality (the population of the largest district in a redistricting plan minus the population of the smallest district) and is most often expressed as a percentage of ideal district size.

34.  Total deviations of greater than 10% are presumptively unconstitutional.

35.  According to the 2000 Census, the ideal size for a county commissioner district in Charles Mix County is 9350/3, or 3117 persons.

36.  District 1 is overpopulated by 326 persons, or 10.46%.

37.  District 2 is underpopulated by 60 persons, or 1.92%.

38.  District 3 is underpopulated by 267 persons, or 8.57%.

39.  The total deviation of the existing county commissioner districts in Charles Mix County is 593 persons, or 19.02%.

40.  Under the existing commissioner districts, Native Americans in Charles Mix County have less opportunity than other members of the electorate to participate in the electoral process and to elect candidates of their choice to the county commission.

41.  Native Americans in Charles Mix County are sufficiently numerous and geographically compact that they could constitute a majority in a single-member commissioner district.

42.  Native Americans in Charles Mix County are politically cohesive in that they tend to vote as a bloc.

43.   Candidates preferred by Native Americans in Charles Mix County are usually defeated by the non-Indian majority voting as a bloc.

44.   There is a long and continuing history of official discrimination against Native Americans in Charles Mix County and South Dakota that touches upon the right to register, to vote or otherwise to participate in the political process.

45.   Voting in Charles Mix County is racially polarized.

46.   Charles Mix County has used voting practices or procedures that enhance the opportunity for discrimination against Native Americans.

47.   Native Americans have been effectively denied access to the candidate slating processes, formal or informal, that have existed in Charles Mix County.

48.   Native Americans in Charles Mix County bear the effects of discrimination on the basis of race and tribal status in such areas as education, employment, and health which have resulted in a lower socioeconomic status which hinders their ability to participate effectively in the political process.

49.   Political campaigns in Charles Mix County and South Dakota have been characterized by racial appeals.

50.   Few Native Americans have been elected to public office in Charles Mix County.

51.   Few Native Americans have run for county commissioner in Charles Mix County.

52.   South Dakota law requires a board of county commissioners to redistrict "at its regular meeting in February of each year ending in the numeral 2 . . . if such change is necessary in order that each district shall be as regular and compact in form as practicable and it shall so divide and redistrict its county that each district may contain as near as possible an equal number of residents, as determined by the last preceding federal decennial census." S.D.C.L. § 7-8-10.

53.   The Charles Mix County Commission was aware prior to its February 2002 meeting that the total deviation of the existing districts was approximately 19% and that a deviation of 19% was far above constitutionally permissible levels.

54.   The Charles Mix County Commission was also aware prior to its February 2002 meeting that the county's Native American population was concentrated in the southern part of the county and that the existing district boundaries split that population.

55.   The Charles Mix County Commission considered redistricting at its February 2002 meeting but voted to make no changes to the existing district boundaries.

56.   All of the current county commissioners were elected from the existing districts.

57.   The next general election for county commissioner in Charles Mix County is scheduled for November 2006.

58.   In the absence of a new plan, the defendants will use the existing districts in the 2006 election.

## CLAIM ONE

59.   The   existing   districts   for   the   Charles   Mix   County Commission are malapportioned in violation of rights guaranteed to the plaintiffs by the one-person-one-vote standard of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## CLAIM TWO

60.   The   existing   districts   for   the   Charles   Mix   County Commission dilute Native American voting strength in violation of rights guaranteed to the plaintiffs by Section 2 of the Voting Rights Act of 1965.

## CLAIM THREE

61.   The   existing   districts   for   the   Charles   Mix   County Commission   were   enacted   or   are   being   maintained   with   the discriminatory purpose of denying or abridging the right of Native Americans to vote on account of race or color in violation of rights guaranteed to the plaintiffs by the Fourteenth and Fifteenth Amendments to the United States Constitution.

## CLAIM FOUR

62.   The   existing   districts   for   the   Charles   Mix   County Commission   were   enacted   or   are   being   maintained   with   the discriminatory purpose of denying or abridging the right of Native Americans to vote on account of race or color in violation of rights guaranteed to the plaintiffs by Section 2 of the Voting Rights Act of 1965.

9

RELIEF

63.   A real and actual controversy exists between the parties.

64.   The plaintiffs have no adequate remedy at law other than this action for declaratory and injunctive relief.

65.   The plaintiffs are suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

WHEREFORE, the plaintiffs respectfully pray that this Court:

(1)   take original jurisdiction over this case;

(2)   enter a declaratory judgment that the existing commissioner districts in Charles Mix County violate Section 2 of the Voting Rights Act, as amended, 42 U.S.C. § 1973, and the Fourteenth and Fifteenth Amendments to the United States Constitution, as enforced by 42 U.S.C. § 1983;

(3)   enjoin the defendants from using the existing commissioner districts in any future elections for the Charles Mix County Commission;

(4)   enjoin the defendants from failing to adopt a redistricting plan for the Charles Mix County Commission that complies with Section 2 of the Voting Rights Act and the Fourteenth and Fifteenth Amendments to the United States Constitution, or, in the event that the defendants fail or are unable to do so within a reasonable period of

10

time, implement a court-ordered redistricting plan for the Charles Mix County Commission;

(5) enjoin the defendants from failing to hold a special election as soon as is practicable for all three seats on the Charles Mix County Commission;

(6) authorize the appointment of Federal examiners pursuant to Section 3(a) of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973a(a);

(7) award the plaintiffs nominal damages;

(8) award the plaintiffs the cost of this action together with their reasonable attorneys' fees pursuant to 42 U.S.C. §§ 1973l(e) & 1988;

(9) retain jurisdiction of this action pursuant to Section 3(c) of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973a(c); and

(10) grant the plaintiffs any further relief which may in the discretion of this Court be necessary and proper to ensure that timely and lawful procedures are used in elections for the Charles Mix County Commission.

Respectfully submitted,


BRYAN SELLS
LAUGHLIN McDONALD
NEIL BRADLEY
MEREDITH BELL
American Civil Liberties Union
   Foundation, Inc.
2725 Harris Tower
233 Peachtree Street
Atlanta, Georgia  30303
(404) 523-2721


PATRICK DUFFY
Duffy & Duffy
P.O. Box 8027
Rapid City, SD  57709-8027
(605) 342-1963

ATTORNEYS FOR THE PLAINTIFFS