**FILED**

UNITED STATES DISTRICT COURT

SEP 14 2005

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| EVELYN A. BLACKMOON; ROBERT W. COURNOYER; SHARON DRAPEAU; and ALAN FLYING HAWK, | \* \* \* \* \* | CIV 05-4017 |
| Plaintiffs, | \* |  |
| vs. | \* | MEMORANDUM OPINION |
|  | \* | AND ORDER |
| CHARLES MIX COUNTY; CARROL ALLEN; KEITH MUSHITZ; and HERMAN PETERS, in their official capacities as members of the Charles Mix County Commission; and NORMAN CIHAK, in his official capacity as Auditor of Charles Mix County, | \* \* \* \* \* \* \* \* |  |
| Defendants. | \* \* |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiffs filed a Motion to Compel, Doc. 38, seeking a Court Order to require Defendants to produce certain documents related to the introduction and passage of South Dakota House Bill 1265 (2005). The Defendants claim the documents are protected from disclosure pursuant to SDCL § 20-11-5, the work product doctrine and attorney-client privilege. The documents are listed in Defendants' Index of Privileged and Protected Documents, which is attached to the brief in support of the motion. (Doc. 39, Ex. C.)

The Court will grant the motion as to document numbers 6, 7, 8 and 10 in Defendants' Index. (Doc. 39, Ex. C.) These documents are not protected from disclosure pursuant to SDCL § 20-11-5, which establishes privileges applicable to libel actions under South Dakota law. *See Sparagon v. Native American Publishers, Inc.*, 542 N.W.2d 125, 132 (S.D. 1996) (explaining that in enacting SDCL § 20-11-5, "[t]he legislature has codified and defined privilege in libel actions."). In addition,

as explained below, the documents 6, 7, 8 and 10 are not protected from disclosure by the work product doctrine or the attorney-client privilege.

Defendants carry the burden of establishing that the work product doctrine or the attorney-client privilege protects the documents at issue from disclosure to Plaintiffs. *See In re Grand Jury Proceedings*, 791 F.2d 663, 666 (8th Cir. 1986) (holding that the burden rested on the person asserting the privilege to establish that the information sought fell within the attorney-client privilege); *In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 925 (8th Cir. 1997) (recognizing that the party resisting disclosure bears the burden of establishing the elements of work product immunity). Federal common law pertaining to privilege applies in this case. *See* Fed.R.Evid. 501.

Courts rely upon Proposed Federal Rule of Evidence 503, which is also known as Supreme Court Standard 503, as an accurate definition of the federal common law of attorney-client privilege:

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client, (1) between himself or his representative and his lawyer or his lawyer's representative, or (2) between his lawyer and his lawyer's representative, or (3) by him or his lawyer to a lawyer representing another in a matter of common interest, or (4) between representatives of the client or between the client and a representative of the client, or (5) between lawyers representing the client.

Supreme Court Standard 503(b); *see In re Bieter Co.*, 16 F.3d 929, 935 (8th Cir. 1994). Defendants assert that several of the documents at issue contain legal consultation from the Attorney General's office on behalf of Charles Mix County. Lawrence Long is the Attorney General for the State of South Dakota. Charles McGuigan and Sherri Sundem-Wald are Assistant Attorney Generals for the State of South Dakota. The Attorney General has a statutory duty to "consult with, advise, and exercise supervision over the several state's attorneys of the state in matters pertaining to the duties of their office ...." SDCL § 1-11-1 (2004).

Documents 1, 2, 3, 4, 5, 9, 11 and 13 are subject to and protected by the federal common law of attorney-client privilege as they are communications between Defendants and lawyers

2

representing another in a matter of common interest. The latter lawyers were lawyers in the South Dakota Attorney General's Office representing the State of South Dakota. The proposed legislation that ultimately became law was a matter of common interest between the Defendants and the State of South Dakota.

Document number 12 in Defendants' Index is protected by the attorney-client privilege because it is correspondence between the Defendants' attorney in this case and Scott Podhradsky, who is the States Attorney for Defendant Charles Mix County.

Documents 6, 7 and 8 are to be produced as they are communications between Representative Deadrick in his capacity as a state legislator even though documents 6 and 7 were sent from his law office. Document 8 was sent to be delivered to Representative Deadrick. Document 10 was already in the public domain as Plaintiffs' lawyer had sent a copy of it to Governor Rounds and Secretary of State Nelson. Accordingly,

> IT IS ORDERED that Plaintiffs' Motion to Compel, Doc. 38, is granted as to document numbers 6, 7, 8 and 10, in Defendants' Index of Privileged and Protected Documents, Doc. 39 Ex. C, and is denied as to documents 1, 2, 3, 4, 5, 9, 11 and 13.

Dated this 14th day of September, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Sharon Soro
DEPUTY

3