UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION




```
******************************************************************
                                    *
EVELYN A. BLACKMOON; ROBERT         *   CIV 05-4017
W. COURNOYER; SHARON DRAPEAU;       *
and ALAN FLYING HAWK,               *
                                    *
            Plaintiffs,             *
    vs.                             *   MEMORANDUM OPINION
                                    *   AND ORDER
CHARLES MIX COUNTY; CARROL          *
ALLEN; KEITH MUSHITZ; and           *
HERMAN PETERS, in their official    *
capacities as members of the Charles Mix *
County Commission; and NORMAN       *
CIHAK, in his official capacity as  *
Auditor of Charles Mix County,      *
                                    *
            Defendants.             *
                                    *
******************************************************************
```

The Court previously granted Defendants' request, pursuant to Federal Rule of Civil Procedure 56(f), for an opportunity to conduct discovery on the issue of whether population equality is possible if political boundaries, such as townships and cities, are to be kept intact in the process of redistricting Charles Mix County before ruling on Plaintiffs' Motion for Partial Summary Judgment on their one-person-one-vote claim. Having given Defendants a period of time to conduct such discovery, Defendants have submitted no additional evidence to justify the 19.02% deviation from population equality for Charles Mix County commissioner districts.

In the Memorandum Opinion and Order, Doc. 51, issued on August 8, 2005, the Court determined that Plaintiffs had established a prima facie case of discrimination on their one-person-one-vote claim. Defendants' attempt to justify the total deviation of 19.02% was to assert there was a county policy to not split townships, towns or cities in creating its voting precincts. In Defendants'

Responses to Plaintiffs' Second Set of Requests for Admission, however, Defendants admitted that, "[t]he total deviation of the existing county commissioner districts in Charles Mix County is greater than necessary to keep townships, towns and cities intact in the districting process[,]" and "[i]t is possible to draw county commissioner districts in Charles Mix County that have a total deviation below 0.29% without splitting a single township, town or city." (*See* Plaintiffs' Brief in Support of their Motion for Reconsideration, Doc. 54, Ex. A at p.4.) Thus, Defendants' sole attempt to justify the total deviation of 19.02% has failed and Plaintiffs are entitled to summary judgment on their claim that the Charles Mix County commissioner districts are malapportioned in violation of the one-person-one-vote standard of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as alleged in count one of their complaint.

Rather than submitting additional evidence to justify the total deviation in this case, Defendants submitted a brief contending that the Court should not enter summary judgment on the merits of Plaintiffs' one-person-one-vote claim because the remedy should await the resolution of the entire case. Plaintiffs contend, however, that the Court should immediately enter a declaratory judgment that the existing commissioner districts violate the Fourteenth Amendment and enjoin Defendants from using the existing districts in any future elections. The Court agrees with Plaintiffs. There is no valid reason to delay implementation of a remedy for the unconstitutional commissioner districts that exist in Charles Mix County.

Supreme Court precedent makes clear that this Court must provide Charles Mix County the opportunity to redistrict its commissioner districts before imposing a redistricting plan devised by the Court. *See Wise v. Lipscomb*, 437 U.S. 535, 539 (explaining that the Supreme Court "has repeatedly held that redistricting and reapportioning legislative bodies is a legislative task which the federal courts should make every effort not to pre-empt."). "When a federal court declares an existing apportionment scheme unconstitutional, it is therefore, appropriate, whenever practicable, to afford a reasonable opportunity for the legislature to meet constitutional requirements by adopting a substitute measure rather than for the federal court to devise and order into effect its own plan." *Id.* at 540.

2

Plaintiffs argue that Charles Mix County is unable to redistrict because state law prevents it from redistricting at any time other than the commissioners' regular meeting in February of a year ending in the numeral 2. *See* SDCL § 7-8-10[1] (2004). The Court does not find that Charles Mix County would be prevented from redistricting by SDCL § 7-8-10 in light of the South Dakota Supreme Court's decision in *Bone Shirt v. Hazeltine*, 700 N.W.2d 746, 755 (S.D. 2005), holding that the constitutional provision requiring the South Dakota legislature to redistrict at a certain time did not prevent the legislature from reapportioning legislative districts in response to a federal district court finding a violation of Section 2 of the Voting Rights Act of 1965. The South Dakota Supreme Court recognized that, "if the legislature apportions and that apportionment is judicially deemed invalid, the legislature continues to have the duty to enact a valid apportionment plan. .... The duty continues until performed." *Id.* at 753. If a *constitutional requirement* allowing reapportionment only at a certain time does not prevent the State from reapportioning in response to a judicial declaration of a voting rights' violation, then *ipso facto* a *state law* allowing redistricting only at a certain time would not be a barrier to Charles Mix County submitting a redistricting plan in response to a judicial declaration of a voting rights' violation. Plaintiffs' failure to cite or discuss the South Dakota Supreme Court's decision on this issue is troubling, given that one of Plaintiffs' counsel in this case is counsel of record in *Bone Shirt v. Hazeltine*, 336 F.Supp.2d 976 (D.S.D. 2004) (case from which the question was certified to the South Dakota Supreme Court) and shown as counsel of record in *Bone Shirt v. Hazeltine*, 700 N.W.2d at 747 (answered certified question).

---

[1]SDCL § 7-8-10 provides:

> The board of county commissioners, at its regular meeting in February of each year ending in the numeral 2, after giving notice by publication for one week in the official newspapers of the county, shall change the boundaries of the commissioner districts if such change is necessary in order that each district shall be as regular and compact in form as practicable and it shall so divide and redistrict its county that each district may contain as near as possible an equal number of residents, as determined by the last preceding federal decennial census; or the board may, at its discretion, choose to have all of its commissioners run at large.

3

Citing *Bone Shirt v. Hazeltine*, 336 F.Supp.2d 976, 1053 (D.S.D. 2004), Plaintiffs suggest the Court should require both the Plaintiffs and Defendants to submit remedial proposals within 10 days and allow each side 10 days to comment on each other's remedial proposal. In *Bone Shirt*, the district court requested remedial proposals only from the defendants. *See id.* After finding a violation of section two of the voting Rights Act, the Eighth Circuit recognized that "[i]f an appropriate legislative body offers a remedial plan, the court must defer to the proposed plan unless the plan does not completely remedy the violation or the proposed plan itself constitutes a section two violation." *Williams v. City of Texarkana*, 32 F.3d 1265, 1268 (8th Cir. 1994).

It is urged by Plaintiffs that the redistricting be completed for the next county commissioner election cycle beginning on January 1, 2006. Defendants, however, have not had an opportunity to address Plaintiffs' suggestions regarding redistricting. The Supreme Court recognized that "[l]egislative bodies should not leave their reapportionment tasks to the federal courts; but when those with legislative responsibilities do not respond, or the imminence of a state election makes it impractical for them to do so, it becomes the 'unwelcome obligation,' of the federal court to devise and impose a reapportionment plan pending later legislative action." *Wise*, 437 U.S. at 540 (quoting *Connor v. Finch*, 431 U.S. 407, 415 (1977)). Given the deference to be afforded Charles Mix County to redistrict the commissioner districts, the Court will allow Defendants to submit a remedial proposal to the Court. If the Defendants do not intend to submit a remedial proposal, they shall so inform the Court by the deadline set forth below and explain their rationale for failing to submit a proposal. Plaintiffs will be given an opportunity to comment on the Defendants' plan and Defendants will be allowed to respond to Plaintiffs' comments. Accordingly,

IT IS ORDERED:

1. That Plaintiffs' Motion for Reconsideration, Doc. 53, is denied.

2. That Plaintiffs' Motion for Partial Summary Judgment, Doc. 14, is granted.

3. That judgment be entered in favor of Plaintiffs on their claim in count one of the complaint that the county commissioner districts in Charles Mix County are malapportioned in violation of the one-person-one-vote standard of the

4

Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

4. That Defendants are enjoined from using the existing commissioner districts in any future elections.

5. That, if Defendants intend to submit a remedial proposal to the Court, they shall, on or before November 14, 2005, file and serve such proposal consistent with this opinion for consideration by the Court. If Defendants do not intend to submit a remedial proposal, they shall so inform the Court on or before November 2, 2005, and set forth their rationale for failing to submit a remedial proposal.

6. That, if a remedial proposal is filed by Defendants in accordance with paragraph 5, on or before November 28, 2005, Plaintiffs shall file and serve a response brief to Defendants' remedial proposal, and Defendants may file and serve a reply to Plaintiffs' response on or before December 8, 2005.

Dated this 24th day of October, 2005.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *[signature]* Sharon Loury
DEPUTY

5